UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.          Cause No. 1:17CR00054 JAR

ANDREW J. SPALLEK,

    Defendant.
================================================================

CHANGE OF PLEA HEARING

BEFORE THE HONORABLE JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

JUNE 15, 2018
================================================================

APPEARANCES

For Plaintiff:

Mr. John N. Koester, Jr.
Assistant U.S. Attorney
555 Independence, Room 3000
Cape Girardeau MO 63703

For Defendant:

Mr. Scott F. Tilsen
Federal Public Defender
325 Broadway
2nd Floor
Cape Girardeau, MO 63701

Reported by:

Alison M. Garagnani, CCR #475, CSR, RMR, CRR
Official Court Reporter
United States District Court
555 Independence, Room 3100
Cape Girardeau, MO 63703
(573) 331-8832

(THE PROCEEDINGS BEGAN AT 1:11 P.M.)

(THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT AND WITH THE DEFENDANT PRESENT:)

THE COURT: All right. We are here and on the record in the cases of the United States versus Andrew Spallek. We have a new case and an older case. The new case is 1:17-CR-54. The old case is 4:09-CR-628.

In the new case he appears having been charged -- and actually, counsel, as I'm thinking about this, because we're going to do it -- as I understand, there's going to be a Superseding Information in the new case. We do need to go through all of that. Maybe it's easier to do the waiver at the time of sentencing; is that --

MR. TILSEN: That's fine. That would be great, and we'll be prepared for it.

THE COURT: All right. We're just here in the new case. And, again, it's 1:17-CR-54.

The Defendant appears here today having been charged in an Indictment. The Indictment charges him with accessing with intent to view child pornography.

It's the Court's understanding pursuant to the written guilty plea agreement that we're here today, we're going to defer action on the count in the Indictment, that Mr. Spallek is going to waive the Indictment and agree to the filing of a Superseding Information that charges him with the

offense of use of an internet computer system to access and transport and carry lewd and lascivious material, which is a separate offense.

He's going to, again, waive the Indictment, agree to the filing of that Superseding Information, waive arraignment on the new information, waive motions and agree to enter a plea of guilty to that charge.

Is that all correct, Mr. Koester?

MR. KOESTER: That's correct, Your Honor.

THE COURT: And that's your understanding; is that correct, Mr. Tilsen?

MR. TILSEN: It is, Your Honor.

THE COURT: And, Mr. Spallek, you understand, again, what I've indicated. There's an Indictment that has a charge. We're going to defer action on that Indictment and charge.

It's the Court's understanding pursuant to a written guilty plea agreement that you're going to waive Indictment, agree to this filing of a Superseding Information.

The Superseding Information, again, charges you with the offense of the use of an -- it actually is it's transportation of lewd and lascivious material; is that correct?

MR. KOESTER: Yes, that's correct, Your Honor.

Using an interactive computer service.

THE COURT: And so you're going to waive Indictment and agree to the filing of that Information, waive arraignment and motions and that you are going to go forward and enter a plea of guilty to that charge: Is that, in fact, correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And if it is, sir, it's necessary for me to ask you a lot of questions. I need to make sure that your mind is clear, you understand what's going on here today, you understand what your rights are, and you understand the consequences of what you're doing here today are.

So I need you to listen carefully to what I say. And if there's anything you don't understand, I want you to stop me and ask me to repeat it or explain it to you or you can ask for time to talk to your attorney. But, again, I want make sure you understand what's going on here today; all right?

THE DEFENDANT: Yes.

THE COURT: You need to answer out loud so the court reporter can hear you.

THE DEFENDANT: Yes. Yes.

THE COURT: Okay. It's also part of the process that you give full, complete and truthful answers to the

1    questions.   Your answers are under oath, which means under

2    penalty of perjury:   Do you understand that?

3               THE DEFENDANT:   Yes.

4               THE COURT:   And at this time if you'll raise your

5    right hand, I'll ask the clerk to administer the oath.

6                         ANDREW JOHN SPALLEK,

7    being produced and sworn, testified as follows:

8               THE COURT:   Again, will you state your full name

9    for the record.

10               THE DEFENDANT:   Andrew John Spallek.

11               THE COURT:   And your date of birth, sir?

12               THE DEFENDANT:   April 11th, 1960.

13               THE COURT:   And, Mr. Spallek, again, you've

14    indicated, your attorney has indicated that you are going to

15    waive the Indictment, agree to the filing of this Superseding

16    Information.   The Superseding Information, again, charges you

17    with the offense of the use of an interactive computer

18    service or system to transport and carry lewd and lascivious

19    material.

20               You're going to waive arraignment and the filing of

21    any motions and proceed to enter a plea of guilty to that

22    charge here today:   Is that, in fact, what you want to do?

23               THE DEFENDANT:   Yes, Your Honor.

24               THE COURT:   And, again, you agree if there's

25    anything you don't understand you'll stop me and let me know?

1          THE DEFENDANT:  Yes, I will.

2          THE COURT:  And I want to start by asking some

3    questions just to make sure your mind is clear, you know

4    what's going on here today.  So let me simply start by asking

5    you if you're under the influence of any drugs or alcohol?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  Are you taking any medication of any

8    kind?

9          THE DEFENDANT:  Only for high blood pressure.

10         THE COURT:  Does that interfere with your ability

11   to know what you're doing?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  You've been taking that medication for

14   some time?

15         THE DEFENDANT:  For some years, yes.

16         THE COURT:  So, again, you know how it affects you;

17   is that right?

18         THE DEFENDANT:  Yes.  It does not affect me.

19         THE COURT:  Okay.  Any other issues with your

20   mental -- I'm sorry, with your physical health that would

21   affect your ability to be here today or to not understand

22   this proceeding?

23         THE DEFENDANT:  No, Your Honor.

24         THE COURT:  Any problems with your mental health?

25         THE DEFENDANT:  No.

1          THE COURT:  Have you ever been hospitalized for any

2  condition related to your mental health?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Have you ever been under the care of a

5  psychiatrist or psychologist?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  Have you ever been diagnosed with a

8  mental condition, mental illness, mental disease of any kind?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  As you stand here today is your mind

11  clear, do you know exactly what you're doing?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  And how far did you go in school, sir?

14          THE DEFENDANT:  A master's degree.

15          THE COURT:  So you've got a high school diploma, a

16  college degree and a master's degree?

17          THE DEFENDANT:  Actually, three master's degrees,

18  yes.

19          THE COURT:  Okay.  So you can clearly read, write

20  and understand the English language; is that correct?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  You understand this proceeding; is that

23  correct?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  And, Mr. Tilsen, I know you had an

1    opportunity to speak at length with Mr. Spallek and look into

2    his background and history.  Do you have any reason to

3    believe that he would be not competent to proceed or not

4    capable of understanding the proceeding?

5            MR. TILSEN:  No, Your Honor.

6            THE COURT:  And, Mr. Koester, does the Government

7    have any reason to believe Mr. Spallek would be not competent

8    to proceed?

9            MR. KOESTER:  No, Your Honor.

10           THE COURT:  And, Mr. Spallek, you're obviously a

11   well educated man.  Do you believe you're competent to

12   proceed and capable of understanding this proceeding?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  And, based on the answers in evidence

15   before the Court, the Court finds that the Defendant, Andrew

16   Spallek, is competent to proceed and capable of understanding

17   the proceeding.

18           And, Mr. Spallek, I was asking about conversations

19   between you and Mr. Tilsen, your attorney, and I don't want

20   to get into the substance of those.  Those are just between

21   the two of you.  But generally have you had enough time to

22   talk to him about the case?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  Has he answered all of your questions?

25           THE DEFENDANT:  Yes.

1    THE COURT:  Has he done everything you've asked him

2    to do in this case?

3    THE DEFENDANT:  Yes.

4    THE COURT:  And you're satisfied with his services?

5    THE DEFENDANT:  Yes, I am.

6    THE COURT:  Do you believe you've been fully

7    advised as to all aspects of the case, including your legal

8    rights and the possible consequences of your going forward

9    and entering the plea of guilty ultimately here today?

10    THE DEFENDANT:  Yes, Your Honor.

11    THE COURT:  Here today there's a pending

12    indictment, and, again, it charges you with a particular

13    offense accessing with intent to view child pornography that

14    actually has a mandatory minimum term of imprisonment of 10

15    years in the Bureau of Prisons.  It has a much higher range

16    of punishment.

17    It's the Court's understanding pursuant to this

18    written guilty plea agreement we're going to defer action on

19    that.  And you're agreeing to waive Indictment, agree to the

20    filing of this Superseding Information, waive arraignment,

21    waive the filing of motions, and you're going to enter --

22    proceed and enter the plea of guilty; is that correct?

23    THE DEFENDANT:  Yes, Your Honor.

24    THE COURT:  And you understand before this new

25    charge could be filed you have a right to have the matter

heard by the grand jury to determine whether or not there's probable cause to believe that a crime was committed, whether there's probable cause to believe that you committed that crime.

The grand jury is made up of between 16 and 23 people. They are just citizens from the community. At least 12 of them have to vote for a true bill before an indictment or an information can be filed. Do you understand all of that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You've gone over all of that with Mr. Tilsen. He's explained all of your rights as it relates to the grand jury process, having the matter heard by the grand jury; is that correct?

THE DEFENDANT: That is correct, sir.

THE COURT: Do you know what the Government's evidence would be in this case or at least they've shared some of that with Mr. Tilsen, and he's shared it with you, and you know what the evidence would be; is that correct?

THE DEFENDANT: Yes.

THE COURT: So you have an understanding of what the Government would present if it went to the grand jury; is that correct?

THE DEFENDANT: That's correct.

THE COURT: And you understand the grand jury could

1   hear the case.  They could return a true bill, which means

2   the indictment or information would be filed.  They could

3   also return a no true bill, which means the case wouldn't go

4   forward:  Do you understand that?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  You understand all of your rights as it

7   relates to the indictment, is that correct, and of that

8   process?

9            THE DEFENDANT:  That's correct.

10           THE COURT:  You've had a full opportunity to talk

11  with Mr. Tilsen about all of that as well?

12           THE DEFENDANT:  Yes.

13           THE COURT:  And knowing all of that, are you

14  waiving your right to have the grand jury hear the matter and

15  agreeing to the filing of this Superseding Information?

16           THE DEFENDANT:  Yes, I am, Your Honor.

17           THE COURT:  And you've had an opportunity to see

18  the Superseding Information; is that correct?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  And you've reviewed the Superseding

21  Information of this new charge with Mr. Tilsen, and you fully

22  understand that; is that correct?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  There's a Waiver of Indictment form

25  that -- okay.

1          And you went over this Waiver of Indictment form

2    with Mr. Tilsen; is that correct?

3          THE DEFENDANT:   Yes, sir.

4          THE COURT:   You understand what's in the form; is

5    that correct?

6          THE DEFENDANT:   Yes.

7          THE COURT:   And it has your signature and Mr.

8    Tilsen's signature here; is that correct?

9          THE DEFENDANT:   That's correct, yes.

10          THE COURT:   And that is your signature on there?

11          THE DEFENDANT:   Yes, it is.

12          THE COURT:   Any question about any of this?

13          THE DEFENDANT:   No.

14          THE COURT:   And are you freely and voluntarily

15    waiving the indictment?

16          THE DEFENDANT:   Yes, Your Honor, I am.

17          THE COURT:   Any other record that you believe needs

18    to be made with regard to that, Mr. Tilsen?

19          MR. TILSEN:   No, Your Honor.

20          THE COURT:   Anything further on behalf of the

21    Government?

22          MR. KOESTER:   No, Your Honor.

23          THE COURT:   The Court finds that the Defendant has

24    freely, voluntarily and intelligently waived the Indictment.

25    The Court also finds that he has completed and signed the

1   Waiver of Indictment form along with Mr. Tilsen, his

2   attorney.

3           The Court will also sign that here in open court.

4   And it will be made part of the record.

5           With that, Mr. Koester, you are filing the

6   Superseding Information, and you've given that to the clerk;

7   is that correct?

8           MR. KOESTER:  That's correct, Your Honor.

9           THE COURT:  And, again, the Superseding Information

10   charges Mr. Spallek with the offense of the use of an

11   interactive computer service or computer system to transport

12   and carry lewd and lascivious material in interstate and

13   foreign commerce; is that correct?

14           MR. KOESTER:  That's correct, Your Honor.

15           THE COURT:  And the record will reflect that the

16   Information has been filed.

17           Now, Mr. Spallek, generally in the normal course of

18   things you would appear before a magistrate judge.  The

19   charge would be formally read to you.  A plea of not guilty

20   would be entered on your behalf.  That's called an

21   arraignment.

22           You would then have an opportunity to file pretrial

23   motions challenging the sufficiency of the information or the

24   Indictment challenging the seizure of evidence.  Any

25   statements you could challenge, the voluntariness of them,

1   whether or not they comply with the constitutional

2   requirements.

3          There are a variety of pretrial motions that you

4   could file.  It's the Court's understanding here today you've

5   been fully advised as to all of those things, all the aspects

6   of those things.  And having been advised of your rights as

7   it relates to that you are waiving arraignment and waiving

8   the filing of any pretrial motions; is that correct?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  And, again, you're doing that freely

11  and voluntarily; is that correct?

12         THE DEFENDANT:  Yes, I am.

13         THE COURT:  The Court finds that the Defendant has

14  freely, voluntarily and intelligently waived arraignment,

15  waived the filing of pretrial motions, and, again, at this

16  time we have the charge before the Court in the Superseding

17  Information, and it's your intent to go forward and enter a

18  plea of guilty to that charge; is that correct?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  And, again, you understand if you

21  didn't want to enter a plea of guilty to that charge, you'd

22  have a right to a speedy and public trial by a judge or a

23  jury in this case:  Do you understand that?

24         THE DEFENDANT:  Yes, I do, Your Honor.

25         THE COURT:  You understand that you'd be entitled

to the services of a lawyer at that trial?  And if you
couldn't afford a lawyer, one would be appointed for you.
And I believe Mr. Tilsen has, in fact, been appointed for
you; is that correct?

THE DEFENDANT:  That's correct, sir.

THE COURT:  And you understand you'd have a right
to a trial by jury made up of 12 people.  All of whom would
have to agree as to your guilt before you could be found
guilty.  And that at a trial you would be presumed to be
innocent.

The Government would have the burden of proving you
guilty beyond a reasonable doubt.  They would attempt to do
that by presenting evidence and witnesses here in open court.
Your attorney could cross-examine those witnesses and that
you could present evidence and witnesses on your behalf and
that if you asked, the Court would issue subpoenas for
witnesses to come in here for you:  Do you understand that?

THE DEFENDANT:  Yes, I do, sir.

THE COURT:  And do you understand that you would
have the right to testify or not testify as you chose, and if
you chose not to testify, neither the Court nor the
Government could comment on your refusal to testify:  Do you
understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And you understand that if you were

1    found guilty by a judge or a jury and if you disagreed with

2    the verdict, you'd have right to an appeal?  Do you

3    understand that?

4              THE DEFENDANT:  Yes, I do.

5              THE COURT:  And, Mr. Spallek, these are many of

6    your constitutional rights that I'm going over here with you

7    today.  By entering a plea of guilty you'd be giving up those

8    rights.  There won't be a trial.  You will be adjudged as

9    guilty of this charge in the Superseding Information.  Your

10   right to appeal will be very limited as set forth in the plea

11   agreement.  Do you understand all of that?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  And knowing all of that, do you still

14   want to go forward and enter a plea of guilty?

15             THE DEFENDANT:  Yes, I do, Your Honor.

16             THE COURT:  Now, there is, in fact, a written

17   guilty plea agreement in this case, and I think you've got a

18   copy of it there on the counter in front of you.  I've got

19   the original here in front of me.  If you flip to the back

20   page of that agreement.  It's a 12-page document on that back

21   page.

22             There are three signatures.  The top signature is

23   that of the Assistant United States Attorney.  The bottom

24   signature is your attorney's signature.  The one in the

25   middle, is that your signature?

1          THE DEFENDANT:  Yes, Your Honor, it is.

2          THE COURT:  And it's signed and dated here today;

3     is that correct?

4          THE DEFENDANT:  That is correct.

5          THE COURT:  But well in advance of today did you

6     have an opportunity to see this agreement, read through it

7     and understand what it means and what it says?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Did you sign and enter into -- did you

10    also have an opportunity to go through it with Mr. Tilsen,

11    and did he answer any questions you might have had?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Did you sign and enter into that

14    agreement freely and voluntarily?

15         THE DEFENDANT:  I did, Your Honor.

16         THE COURT:  I want to go through certain aspects of

17    the agreement with you.  I'm not going to go through every

18    one, but if there's anything you don't understand, I want you

19    to stop me and let me know; all right?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  So the agreement starts out on the

22    first page with who the parties are to the agreement.  The

23    parties to the agreement are you and your attorney and the

24    Assistant United States Attorney.

25              It's important for you to understand the Court is

not a party to the agreement.  I'll certainly consider the agreement at the time of sentencing, but I'm not a party to the agreement.

One other thing is that this plea agreement is being done, submitted pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  It's a particular type of a plea agreement.

There are terms of this plea agreement with regard to the sentence to be imposed at least as it relates to the total offense level that if the Court can't go along with that agreement at the time of sentencing, I'll give either side an opportunity to withdraw from this plea agreement.

If I can go along with it, then I'll consider the appropriate sentence within the guideline range that is determined given that total offense level.

So I think that that accurately states the 11(c)(1)(C) agreement.  I'll only go into a little bit more detail with that, but generally that's the agreement; is that correct, Mr. Tilsen?

MR. TILSEN:  It is, Your Honor.

THE COURT:  And, again, you understand that Mr. Spallek?

THE DEFENDANT:  Yes, Your Honor, I do.

THE COURT:  Any question about that?

THE DEFENDANT:  No, sir.

1  THE COURT:  So the next section does set out in

2  more detail the terms of this plea agreement.  It indicates

3  in exchange for your voluntary plea of guilty to the charge

4  in the Superseding Information of transportation of lewd and

5  lascivious material the Government, again, will at the time

6  of sentencing move to dismiss the charge in the Indictment of

7  attempted accessing with intent to view child pornography.

8  The Government is also agreeing that there will be

9  no further federal prosecution brought in this district

10  relative to your violations of federal law which are

11  referenced in the Indictment and Superseding Information of

12  which the Government is not aware.

13  It goes on to indicate, again, that the parties

14  have agreed that you would receive a sentence at the top of

15  the advisory guideline range based on a total offense level

16  of 17.  Again, those calculations -- and we'll talk more

17  about them in a minute -- they'll ultimately made by the

18  Court, by me, at the time of sentencing.

19  But, again, that section goes on to indicate that

20  if the Court informs the parties prior to sentencing that it

21  will reject this agreement, that I'll give either side an

22  opportunity to withdraw from the plea agreement, give you an

23  opportunity to withdraw from the guilty plea or withdraw the

24  guilty plea.  So you understand that; is that correct?

25  THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  So, again, the expectation is, the
2     recommendation is that at the time of sentencing the Court
3     would sentence you at the top of the guideline range given
4     that the total offense level of 17 based on the criminal
5     history category, again, that the Court will determine at
6     that time; is that correct, Mr. Koester?
7          MR. KOESTER:  That's correct, Your Honor.
8          THE COURT:  And, again, Mr. Tilsen that's your
9     understanding?
10          MR. TILSEN:  It is, Your Honor.
11          THE COURT:  And, Mr. Spallek, you understand that
12     as well?
13          THE DEFENDANT:  Yes, Your Honor.
14          THE COURT:  The plea agreement goes on to talk
15     about the elements of the offense.  The elements are those
16     things that the Government would have to prove beyond a
17     reasonable doubt before a judge or a jury could find you
18     guilty of this charge.
19          There are three elements of this offense.  The
20     first is that you knowingly used an interactive computer
21     service.  That is a system providing access to the internet.
22     Second, to carry and transport lewd and lascivious material
23     in interstate and foreign commerce.  And, third, that you
24     knew the material was lewd and lascivious.
25          So those are the elements of the offense.  And you

1 understand those; is that correct?

2 THE DEFENDANT: That is correct, Your Honor.

3 THE COURT: Do you agree that you did those things?

4 THE DEFENDANT: Yes, Your Honor.

5 THE COURT: And then the next section on page 3

6 deals with certain facts that you and your attorney and the

7 Assistant United States Attorney have agreed are all true and

8 correct. And you've read through and understand those facts;

9 is that right?

10 THE DEFENDANT: Yes, Your Honor.

11 THE COURT: And do you agree that those facts are

12 true, correct and that you did those things?

13 THE DEFENDANT: Yes, Your Honor.

14 THE COURT: Now, I'm going to ask the Assistant

15 United States Attorney to just briefly outline what the

16 Government's evidence would be that if the case proceeded to

17 trial.

18 Mr. Koester, again, I know the facts are set out

19 there in the plea agreement, but if you could just briefly

20 outline the Government's evidence.

21 MR. KOESTER: Yes, Your Honor. Thank you.

22 Your Honor, on April the 14th of 2017, the

23 Defendant, Andrew J. Spallek, visited the Missouri Job Center

24 in Cape Girardeau, Missouri, to utilize the public computer

25 and access the internet.

1    After Mr. Spallek left the facility, employees

2    there discovered a number of websites had been visited that

3    appeared to be associated with child erotica.  Based on the

4    time stamps on the computer, these sites had been visited

5    during the time frame Mr. Spallek was using the computer.

6    This computer was subsequently turned over to law

7    enforcement officials for a forensic examination.  The

8    examination confirmed the websites associated with the child

9    erotica had, in fact, been accessed.  And, among other

10   things, at least one image of a minor female posing in a lewd

11   and lascivious manner was discovered on the hard drive of the

12   computer.

13   By this plea Mr. Spallek admits that he knowingly

14   used the internet, a means or facility of interstate and

15   foreign commerce, to carry and transmit the lewd and

16   lascivious material.

17   THE COURT:  And, again, Mr. Spallek, do you agree

18   that those facts along with the facts in the plea agreement,

19   they're all true and correct and that you did those things?

20   THE DEFENDANT:  Yes, Your Honor.

21   THE COURT:  Then the next section deals with the

22   statutory range of punishment for this offense that you're

23   pleading guilty to.

24   That statutory range is a term of imprisonment of

25   not more than 10 years.  It can also include the possibility

of a fine or both such fine and imprisonment.  The Court may

also impose a period of supervised release of not more than

life.  And, again, you understand that statutory range of

punishment; is that correct?

THE DEFENDANT:  That is correct, Your Honor.

THE COURT:  I guess it should be noted there is

this other case, which is the cause number that I referenced

previously, that Mr. Spallek is on supervised release for.

There is a pending petition for revocation of his

supervised release.  The change in charge in this case

impacts that case.  And that was part of the understanding of

the parties.  And it is essentially a benefit that

Mr. Spallek is getting as a result of this plea agreement.

So I think it is important to note that that was

part of the consideration to Mr. Spallek.  And that there is

an agreement that the total offense level in this case would

be an offense Level 17.

The Court, again, will determine his criminal

history score and category.  The recommendation is for a

sentence at the top of that guideline range.

There's not a specific recommendation as it relates

to the supervised release revocation.  Other than that,

again, the mandatory minimum term of imprisonment would not

be triggered by the plea in this case.

So I think as I'm thinking this through that is an

1   important thing to put on the record here today.

2           Is that all correct, Mr. Koester?

3           MR. KOESTER:  That is correct, Your Honor.

4           THE COURT:  And that's your understanding, Mr.

5   Tilsen?

6           MR. TILSEN:  It is, Your Honor.  There's a couple

7   more things.  Mr. Spallek commits himself to admitting the

8   violations at the time of his sentencing too.

9           And I guess we both could jointly recommend that

10  the supervised release violation term be within the policy

11  statement guidelines for that violation.

12          MR. KOESTER:  That's correct.

13          THE COURT:  But, again, it will be up to the Court

14  to make that determination.

15          MR. TILSEN:  Yes.  And whether it's concurrent or

16  consecutive too.

17          THE COURT:  Okay.  So in that respect the

18  supervised release revocation it has been part of the

19  agreement, but it's not necessarily part of the 11(c)(1)(C)

20  aspect of the agreement; is that correct?

21          MR. TILSEN:  Yes.

22          THE COURT:  Again, that's your understanding, Mr.

23  Koester?

24          MR. KOESTER:  It is, Your Honor.

25          THE COURT:  And you understand all that,

Mr. Spallek?

Do you want to talk to Mr. Tilsen briefly for a moment?

THE DEFENDANT:  For just a moment.

(A discussion was held off the record.)

THE DEFENDANT:  Yes, I understand, Your Honor.

THE COURT:  Any question about that?

THE DEFENDANT:  No, sir.

THE COURT:  Okay.  The next section of the plea agreement talks about the sentencing guidelines.  We talked a little bit about, you know, about total offense level and all those things.  That's a guideline calculation.

I want to talk to you for a moment about what the guidelines are.  They are a set of rules that were adopted as a result of the Sentencing Reform Act.  They assign certain offense levels to certain types of criminal conduct such as the conduct you're pleading guilty to here today.

There's a chart that has the offense levels on it. As you go down the chart the offense levels get greater, the offenses are more serious.  The range of punishment can be greater.  There's also an adjustment for a criminal history score and category.  That's based on your prior record of criminal convictions.  And from that I get a guideline range of punishment that applies to a case.

That guideline range is advisory, which means it

1  gives guidance to the Court, but the Court doesn't have to

2  follow it.  The first thing that the Court, again, is

3  required to do at sentencing is to determine what that

4  guideline range is.

5         After I do that, I'll consider certain factors

6  under a section of the statute.  It's 18 United States Code

7  Section 3553(a).  There are a series of factors that the

8  Court can and will consider.  They include the nature and

9  circumstances of the offense that you're pleading guilty to,

10 the history and characteristics of you as the Defendant.

11        There's a series of other factors that the Court

12 can and will consider.  Again, I'll also consider these terms

13 of the plea agreement.  Do you understand all of that?

14        THE DEFENDANT:  Yes, Your Honor.

15        THE COURT:  And here in the plea agreement on pages

16 4 and 5 on to the top of page 6 it talks about how the

17 parties believe that the guidelines apply.  It indicates

18 there on page 4 that you believe that the base offense level

19 is an Offense Level 18, that two levels would be added

20 because a computer was used for the possession, transmission

21 or receipt or distribution of the lewd and lascivious

22 material.

23        That three levels would be deducted for your

24 acceptance of responsibility.  When you do the math, you come

25 up with that estimated total offense level of 17.

1      But, again, you understand those guideline

2 calculations will be made by the Court, by me, at the time of

3 sentencing along with the determining your criminal history.

4 So there are no promises being made to you here today with

5 regard to the guideline calculations.  Do you understand

6 that?

7      THE DEFENDANT:  Yes, Your Honor.

8      THE COURT:  And then the next section in the plea

9 agreement on pages 6 -- on page 6 deals with you're waiving

10 certain appeal rights.  You're agreeing to waive your right

11 to appeal all non-jurisdictional, non-sentencing issues,

12 including but not limited to any issue relating to the filing

13 or not filing of pretrial motions, the discovery in the case

14 or the circumstances of this guilty plea.

15      With regard to the sentencing issues if the Court

16 accepts the parties' agreements and stipulations and imposes

17 a sentence at the top of the advisory guideline range based

18 on a total offense level 17 and your applicable criminal

19 history category ultimately determined by the Court, then

20 both sides are waiving their right to appeal the sentencing

21 issues.

22      With regard to post-conviction relief or habeas

23 corpus relief you're agreeing to waive your right to that

24 relief except as it may relate to any possible claim for

25 prosecutorial misconduct or ineffective assistance of

1    counsel.

2           So those are the appeal rights that you're giving

3    up by entering the plea of guilty here today.  Do you

4    understand those?

5           THE DEFENDANT:  Yes, Your Honor.

6           THE COURT:  And then moving through the plea

7    agreement on pages 7 and to page 8, it talks about supervised

8    release.  Supervised release is a system that was put in

9    place when parole was abolished in the federal system.

10          It's a set of conditions that can be placed on your

11   release from the Bureau of Prisons.  Those conditions are

12   limitations on your liberty.  Among the conditions in this

13   kind of a case are that you participate in sex offender

14   treatment programs, that you comply with sex offender

15   registration laws.

16          If you violate any of the conditions, you can be

17   sent back to the Bureau of Prisons.  Do you understand that?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  And then on page 8 it talks with the

20   mandatory special assessment.  There can also be restitution

21   ordered.  A mandatory special assessment is by statute.  It's

22   $100.

23          There can actually be restitution ordered in this

24   kind of case.  I don't know whether that will occur.  If it

25   does, it would be something that the Court would determine at

1    the time of sentencing.

2           There's a forfeiture provision in the plea

3    agreement.  I don't know whether or not there was any

4    equipment seized.  I know you did this at the job center.

5           MR. TILSEN:  I need to speak up on that, Your

6    Honor.  That's right.  It occurred at the job center.  They

7    did examine Mr. Spallek's personal computer at his home which

8    he had permission to have.  They found nothing on it.

9           And it wasn't my understanding that that was part

10   of this forfeiture, that it extended only to something that

11   had something unlawful on it.

12          THE COURT:  I don't know what the Government's

13   position is with regard to that.  The plea agreement contains

14   a forfeiture provision.

15          MR. TILSEN:  I'm sorry, Your Honor.  I didn't mean

16   to interrupt you, but I guess I was reading that as applying

17   to, you know, things that were subject to forfeiture, which

18   are things that had contraband on them.  I agree it's

19   ambiguous.  That's why I brought it up.

20          THE COURT:  Again, I'm not sure it is ambiguous

21   because it says specifically the Defendant agrees to forfeit

22   computer equipment and other items seized by law enforcement

23   as part of the investigation.  In any event --

24          MR. KOESTER:  And, Your Honor, that was -- oh, I'm

25   sorry.  That's mostly boilerplate language.  In typical cases

1  the items that are recovered have illegal material on it.

2  And I think I -- Mr. Tilsen I think is referring to

3  essentially a typewriter, isn't it?

4         MR. TILSEN:  Yeah, that's what a computer is.

5         MR. KOESTER:  Or a word processer.  And I have no

6  reason to believe there's any illegal material on that

7  particular item.  And so our position would be that that

8  could be released to him.

9         MR. TILSEN:  Okay.  And we had talked about it

10  before.  We just -- like

11  Mr. Koester said, that boilerplate language is in all these

12  plea agreements.

13         THE COURT:  I agree that it is pretty standard

14  language.

15         Okay.  So with that understanding, again, anything

16  else that was seized by law enforcement that had material

17  that was deemed improper or illegal you would be forfeiting

18  any interest that you had in that.  Do you understand that?

19         THE DEFENDANT:  I understand that, yes.

20         THE COURT:  Okay.  It's the procedure of the Court

21  pursuant to the Local Rule 13.05 to hold a sidebar conference

22  in every plea and every sentencing hearing.

23         Mr. Spallek, if I can have you and the attorneys

24  approach the side bar, so if you'll come up here, sir.

25         (PURSUANT TO LOCAL RULE 13.05, A BENCH CONFERENCE

WAS HELD ON THE RECORD AND PLACED UNDER SEAL, AFTER WHICH THE

FOLLOWING PROCEEDINGS CONTINUED IN OPEN COURT:)

THE COURT:  Mr. Spallek, the next section in the

plea agreement deals with you're acknowledging and waiving

your rights.  I've gone over many of those with you here

today.  They're also set out there in the plea agreement.

Do you believe you understand all of your rights,

sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Again, you understand you're giving up

those rights by entering the plea of guilty here today?

THE DEFENDANT:  Yes, sir, Your Honor.

THE COURT:  And the next section deals with the

very nature of the guilty plea agreement, you're being here

today freely and voluntarily.

I just want to ask you again with regard to the

guilty plea agreement did you sign and enter into that

agreement freely and voluntarily?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And are you here today entering this

plea of guilty freely and voluntarily?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Other than the representations in the

guilty plea agreement and the things that have been said to

you here today on the record has anybody promised you

1 anything, threatened you in any way, made any other

2 representation of any kind to get you to enter this plea of

3 guilty?

4      THE DEFENDANT:  No.

5      THE COURT:  And then the next section deals with

6 the consequences of post plea misconduct.  What that means is

7 this, Mr. Spallek, if the Court accepts your plea of guilty,

8 I'm going to order a presentence report to be prepared.

9      It's a very thorough and complete report into your

10 background and history.  It takes time to do that, so I'll

11 defer sentencing.

12      You can't get in trouble between now and the date I

13 set for sentencing.  You can't violate the law.  You got to

14 do what the marshals ask you to do.  Do you understand that?

15      THE DEFENDANT:  Yes, Your Honor.

16      THE COURT:  And then the last section in the plea

17 agreement deals with the fact that you would not be able to

18 withdraw this guilty plea at any time.  That's very, very

19 important.

20      What it means is is this:  That you can't change

21 your mind tonight, tomorrow or the next day because I would

22 not allow you to withdraw this guilty plea.  So you've got to

23 know that this is, in fact, what you want to do.

24      So I just want to ask you again here today is this,

25 in fact, what you want to do?

1        THE DEFENDANT:  Yes, Your Honor.

2        THE COURT:  Any question about anything in the

3    guilty plea agreement?

4        THE DEFENDANT:  No, Your Honor.

5        THE COURT:  The Court finds that the guilty plea

6    agreement in this case was entered into freely, voluntarily,

7    and intelligently.  It will be accepted and incorporated into

8    the record.

9        Anything further on behalf of the Defendant before

10   the Court would consider finally accepting his plea of

11   guilty, Mr. Tilsen?

12       MR. TILSEN:  No.  Thank you, Your Honor.

13       THE COURT:  Anything further on behalf of the

14   Government, Mr. Koester?

15       MR. KOESTER:  No, Your Honor.

16       THE COURT:  Again, any questions about any of this,

17   Mr. Spallek?

18       THE DEFENDANT:  No, Your Honor.

19       THE COURT:  Then for the record, sir, on the charge

20   in the Superseding Information of the use of an interactive

21   computer service or computer system in the transportation of

22   lewd and lascivious material how do you wish to plead to that

23   charge:  Guilty or not guilty?

24       THE DEFENDANT:  Guilty, Your Honor.

25       THE COURT:  The Court finds that the Defendant's

plea of guilty is made freely, voluntarily, and intelligently with a full understanding of the charge and the consequences of the plea, with an understanding of his rights attending a jury trial and the effect of the plea of guilty on those rights.

The Court also finds there's a factual basis for the plea of guilty. So the Court will accept the Defendant's plea of guilty to the charge in the Superseding Information.

Again, Mr. Spallek, I'll defer sentencing. I'll order the presentence report to be prepared.

It's important that you cooperate with the probation officer in the preparation of that report. It will provide valuable information to assist at the time of sentencing.

You and your attorney will get a copy of that report well in advance of that date of sentencing. You can go over it. You can file objections to it. You can present evidence at the time of sentencing. The Government can also do those things. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Then I'll order the presentence report to be prepared.

The date I have for sentencing is Monday, September 17th of 2018 at 11:30 in the morning.

The date for objections is September the 4th of

1   2018.

2          And, counsel, I'll enter a written order with those

3   dates and times.  And, again, on that date I'll take up the

4   waiver on the supervised release revocation.  We'll proceed

5   to sentencing on that case along with this case.  And, again,

6   that's agreeable; is that right, Mr. Tilsen?

7          MR. TILSEN:  Yes, Your Honor.

8          THE COURT:  And that's agreeable to the Government

9   as well?

10         MR. KOESTER:  Yes, Your Honor.

11         THE COURT:  And you understand that as well; is

12  that correct, Mr. Spallek?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Any question about any of this?

15         THE DEFENDANT:  No, sir.

16         THE COURT:  Then I'll see you on that date of

17  sentencing.  You'll be remanded to the custody of the

18  marshals at this time.

19         (PROCEEDINGS CONCLUDED AT 1:51 P.M.)

20

21

22

23

24

25

1                       C E R T I F I C A T E

2

3           I, Alison M. Garagnani, Registered Merit Reporter

4   and Certified Realtime Reporter, hereby certify that I am a

5   duly appointed Official Court Reporter of the United States

6   District Court for the Eastern District of Missouri.

7           I further certify that the foregoing is a true and

8   accurate transcript of the proceedings held in the

9   above-entitled case and that said transcript is a true and

10  correct transcription of my stenographic notes.

11          I further certify that this transcript contains

12  pages 1 through 36 inclusive and that this reporter takes no

13  responsibility for missing or damaged pages of this

14  transcript when same transcript is copied by any party other

15  than this reporter.

16          Dated Cape Girardeau, Missouri, this 18th day of

17  October, 2018.

18

19

    ------------------------------------------
20  /s/Alison M. Garagnani
    Alison M. Garagnani, CCR, CSR, RMR, CRR
21  Official Court Reporter

22

23

24

25